IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Nationwide Life Insurance Company, | ) |
| | ) |
| Plaintiff, | ) C/A No. 3:16-cv-01628 |
| | ) |
| v. | ) |
| | ) |
| Cindy E. Munn, as the guardian for A.S., a minor; Edward L. Sturkie, individually; Edward L. Sturkie, as the qualified temporary trustee of the Stephen T. Sturkie Testamentary Trust; Edward L. Sturkie, as the duly appointed personal representative of the Estate of Stephen T. Sturkie, | ) OPINION AND ORDER |
| Defendant, | ) |

This matter comes before the court by consent of all parties and upon Defendant Cindy E. Munn's (hereinafter "Munn") motion for joinder to include Munn as party defendant in her capacity as Special Administrator and as Successor Trustee of the Estate of Stephen T. Sturkie. ECF No. 70.

## I. RELEVANT AND PROCEDURAL HISTORY

On May 20, 2016, Plaintiff Nationwide Insurance Company ("Nationwide") filed this interpleader action with respect to the proceeds of a life insurance policy insuring the life of Stephen T. Sturkie. ECF No. 1. Nationwide seeks relief from the court due to the potential of competing claims for the life insurance proceeds. *Id.* ¶ 1. At the time of death, the insured Stephen T. Sturkie was unmarried and survived by three children, two of whom are adults and the third being a minor. ECF No. 53. Munn is the mother of Stephen T. Sturkie's minor child, A.S. *Id.* Defendant Edward L. Sturkie ("Edward") is the brother of Stephen T. Sturkie and the named

1

Defendant in three different capacities: individually; as qualified Temporary Trustee of the Stephen T. Sturkie Testamentary Trust; and as duly appointed Personal Representative of the Estate of Stephen T. Sturkie. ECF No. 1.

On September 5, 2017, Edward, as the duly appointed Personal Representative, filed a motion for protective order, ECF No. 53, and on October 18, 2017, Nationwide filed a motion for entry of default, ECF No. 60. A hearing was scheduled for October 31, 2017. ECF No. 61. Before the hearing, the parties submitted a joint motion for continuance, informing the court that the parties have engaged in good faith settlement negotiations and requesting the hearing be continued for a minimum of twenty-one days. ECF Nos. 61, 62. The court granted the motion for continuance on October 30, 2017. ECF No. 63.

On February 2, 2018, the court issued a text order directing the parties to provide the court with a status report on their settlement negotiations. ECF No. 68. On February 12, 2018, the parties submitted a status report indicating that "the parties have agreed to split the proceeds of the life insurance policy in question, but cannot complete the settlement process until the probate court appoints a special administrator and trustee." ECF No. 69 at 1. The parties also indicated that the "appointments are necessary so that Mr. Edward Sturkie will not be called on to act in multiple roles in approving the settlement." *Id*. Moreover, the parties indicated that "once the appointments are made, the parties intend to submit a consent order allowing disbursement of the policy proceeds." *Id*. The consent order would then "discharge the insurance company, terminate the case, and enjoin further litigation related to the insurance proceeds." *Id*. at 1-2.

On March 8, 2018, the probate court approved the resignation of Edward as Temporary Trustee of the trust created under will of Stephen T. Sturkie for the benefit of A.S., and appointed Munn as the Successor Trustee of the trust. ECF No. 70-1; ECF No. 70-2, Certificate of

Appointment. In addition, the probate court appointed Munn as the Special Administrator. ECF No. 70-3, Fiduciary Letters.

Following the appointments, Munn filed the present motion on March 12, 2018, seeking to be joined as a party defendant in her capacity as Special Administrator and as Successor Trustee of the Estate of Stephen T. Sturkie. ECF No. 70.

## II. LEGAL STANDARD

### A. Fed. R. Civ. P. 19(a) - Required Joinder of Parties

Fed. R. Civ. P. 19(a) provides that:

> [A] person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The Fourth Circuit has interpreted Fed. R. Civ. P. 19(a) as "[a] two-step inquiry for courts to determine whether a party is 'necessary' and 'indispensable.'" *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 433 (4th Cir. 2014) (internal quotations marks omitted). "The first question under Rule 19(a) is 'whether a party is necessary to a proceeding because of its relationship to the matter under consideration.'" *Id*. at 433 (citing *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 917 (4th Cir. 1999)). "Second, if the party is necessary but joining it to the action would destroy complete diversity, the court must decide under Rule 19(b) 'whether the proceeding can continue in that party's absence.'" *Id*. at 433 (citing *Teamsters*, 173 F.3d at 917-18)). "Rule 19 is not to be applied as a procedural formula." *Home Buyers*, 750 F.3d at 427. "Decisions must be made pragmatically, in the context of the substance of each case, and courts

must take into account the possible prejudice to all parties including those not before it." *Id*. (citing *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 441 (4th Cir. 1999) (internal citations omitted)).

**B. Fed. R. Civ. P. 25(c) – Substitution of Parties**

Fed. R. Civ. P. 25(c) provides that "if an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."

### III. ANALYSIS

Munn contends that, pursuant to Fed. R. Civ. P. 19, the court should join Munn as a party defendant in her capacity as Special Administrator and as Successor Trustee of the Estate of Stephen T. Sturkie. ECF No. 70. Munn provided the court with a filed copy of the Fiduciary Letters that confirms the appointment of Munn as the Special Administrator. *See* ECF No. 70-3 at 1.

The court finds that the absence of Defendant Munn in her capacity as Special Administrator impairs her ability to protect the estate's interests. *See* S.C. Code Ann. § 62-3-614 ("A special administrator may be appointed . . . in a formal proceeding by order of the court on the petition of any interested person and finding, after notice and hearing, that appointment is necessary to preserve the estate or to secure its proper administration including administration in circumstances where a general personal representative cannot or should not act."). This is important because the present matter relates to estate assets that give rise to this suit. Therefore, the court finds that Defendant Munn in her capacity as Special Administrator is a required party defendant under Rule 19(a).

In addition, Defendant Munn seeks to be joined as a party defendant in her capacity as Trustee. ECF No. 70 at 1. Defendant Munn provided the court with a copy of the probate order and certificate of appointment signed on March 8, 2018, naming Cindy Munn as the Successor

Trustee of the trust created under the will of Stephen T. Sturkie for the benefit of minor, A.S. ECF Nos. 70-1 at 1-2, 70-2. Edward resigned as Temporary Trustee. ECF No. 70 at 1. Based on the transfer of interest, the court finds that Fed. R. Civ. P. 25(c) rather than Fed. R. Civ. P. 19(a) is the appropriate avenue for the court to join Defendant Munn in her capacity as Trustee. Fed. R. Civ. P. 25(c) specifically addresses transfers of interest and provides the court with a mechanism for either retaining or releasing the transferor defendant. On the other hand, Fed. R. Civ. P. Rule 19(a) allows the court to add a party, but does not release Defendant Edward Sturkie in his capacity as Temporary Trustee. Accordingly, the court finds that pursuant to Rule 25(c), Defendant Edward Sturkie in his capacity as Temporary Trustee will be substituted by Defendant Munn in her capacity as Trustee.

## IV. CONCLUSION

For the reasons stated herein, Defendant Munn's motion for joinder is granted. ECF No. 70. It is ordered, that Defendant Munn be joined as party defendant in her capacity as Special Administrator. It is also ordered, that Defendant Edward Sturkie is released as Temporary Trustee and that Defendant Munn is substituted as Successor Trustee. Parties shall provide the court with a status report on settlement negotiations within 30 days.

**IT IS SO ORDERED.**

                                                  /s/ Margaret B. Seymour_____
                                                  Margaret B. Seymour
                                                  Senior United States District Judge Dated:

Dated: April 23, 2018